# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CENTER FOR IMMIGRATION STUDIES,
1629 K Street, NW, Suite 600,
Washington, DC 20006

*Plaintiff*,

v.

U.S. CUSTOMS AND BORDER PROTECTION,
Office of Chief Counsel
1300 Pennsylvania Ave NW, Suite 4.4-B
Washington, DC 20229

*Defendant*.

Civil Action No.

## COMPLAINT

Plaintiff Center for Immigration Studies ("**CIS**" or "**Plaintiff**") brings this action against U.S. Customs and Border Protection ("**CBP**" or "**Defendant**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As ground therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff CIS is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at 1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the

academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public for free.

4. Defendant CBP is an agency of the U.S. Government and is headquartered at 1300 Pennsylvania Ave. NW, Washington, DC 20229. Defendant has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On October 21, 2025, Defendant received via its SecureRelease Portal a FOIA request submitted by Plaintiff which sought the following records ("**FOIA Request**"):

> **1) The nationality/citizenship of each person within the Terrorist Screening Data Set (TSDS)[1] Encountered Between Ports of Entry, by fiscal year.**
>
> **2) The nationality/citizenship of each person within the TSDS Encountered at Land Border Ports of Entry, by fiscal year.**
>
> **Information helpful to fulfilling this request: The timeframe for records sought in this request is January 1, 2016 through January 20, 2025. It would be preferred to receive responsive records compiled in an Excel spreadsheet.**

**(Exhibit 1 at 9.)**

6. On November 11, 2025, CBP issued a Final Response letter regarding Plaintiff's FOIA request, which was assigned tracking number CBP-FO-2026-010051. The letter stated in relevant part:

---

[1] *See* https://www.cbp.gov/newsroom/stats/cbp-enforcement-statistics (Terrorist Screening Data Set Encounters).

> **CBP acknowledges that information is maintained in the Terrorist Screening Dataset (TSDS). CBP has considered the foreseeable harm standard when reviewing the record set and has applied the FOIA exemptions as required by the statute and the Attorney General's guidance.[1] As such, CBP is withholding in full that information generally that is within its possession and/or control pursuant to Title 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) and (b)(7)(F).**

**(Exhibit 1 at 15.)**

7. On November 12, 2025, Plaintiff submitted an appeal via the SecureRelease Portal challenging the adequacy of Defendnat's search and its application of FOIA Exemptions under 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) and (b)(7)(F). **(Exhibit 1.)**

8. In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i), as of the date of this Complaint, Defendant has failed to make a determination with respect to Plaintiff's appeal.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. Defendant was required to make a final determination on Plaintiff's appeal no later than December 30, 2025.

14. Defendant failed to make a final determination on Plaintiff's appeal within the time

limits set by FOIA; therefore, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(A)(ii); 5 U.S.C. § 552(a)(6)(B)(i); and 5 U.S.C. § 552(a)(6)(C)(i).

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA appeal is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Request;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA Request and a *Vaughn* Index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Request;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g. Grant Plaintiff such other relief as the Court deems just and proper.

\

\

\

\

\

\

| | |
|---|---|
| Dated:   February 19, 2026 | Respectfully submitted, |
| | |
| | */s/ Colin M. Farnsworth* |
| | Colin M. Farnsworth |
| | D.C.C. Bar I.D. # OR0022 |
| | Center for Immigration Studies |
| | 1629 K Street, NW, Suite 600 |
| | Washington DC, 20006 |
| | Telephone: 202-466-8185 ext. 126 |
| | Email: cmf@cis.org |